# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| DAVID BRIAN MORGAN, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV-15-1279-R |
| CARL BEAR, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner David Brian Morgan, a state prisoner appearing pro se, has submitted a pleading that was docketed by this Court as initiating a new 28 U.S.C. § 2254 habeas action. United States District Judge David L. Russell has referred this action to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Upon review of Petitioner's filing, the undersigned finds that this document constitutes a Federal Rule of Civil Procedure 60(b) motion regarding Petitioner's previous federal habeas action, rather than a new habeas petition or civil complaint, and that the above-captioned matter therefore should be dismissed in its entirety.

*A. Background*

Publicly available dockets reflect that in April 2014, Petitioner filed a 28 U.S.C. § 2254 habeas petition challenging his 2011 conviction in Oklahoma state court. *See Morgan v. Addison* ("*Morgan I*"), No. CIV-14-337-R (W.D. Okla. filed April 7, 2014); *State v. Morgan*, No. CF-2010-7695 (Okla. Cnty. Dist. Ct. filed Dec. 6, 2010). This Court dismissed that petition as time-barred, and the Tenth Circuit dismissed Petitioner's

appeal. *See Morgan I*, Order (Doc. No. 11); *id.*, J. (Doc. No. 12); *Morgan v. Addison*, 574 F. App'x 852 (10th Cir. 2014). The United States Supreme Court denied certiorari on March 2, 2015. *See Morgan v. Addison*, 135 S. Ct. 1496 (2015).

In July 2015, Petitioner filed a habeas petition again challenging his 2011 criminal conviction in Oklahoma state court. *See Morgan v. Bear* ("*Morgan II*"), No. CIV-15-782-R (W.D. Okla. filed July 17, 2015). The assigned Magistrate Judge construed the petition in that case as seeking relief under both 28 U.S.C. §§ 2241 and 2254 and recommended dismissal of all of Petitioner's claims. *See Morgan II*, R. & R. (Doc. No. 8). On September 10, 2015, the District Judge accepted this recommendation, dismissing Petitioner's § 2241 claims for lack of merit and dismissing Petitioner's § 2254 claims as unauthorized and second or successive. *See Morgan II*, Order (Doc. No. 10); *id.*, J. (Doc. No. 11). The docket for *Morgan II* does not reflect that Petitioner appealed this disposition or otherwise sought relief from the dismissal of his petition.

B. *Petitioner's Current Action*

On November 17, 2015, Petitioner submitted a filing (hereafter "the Petition") titled "Motion to Be Heard Under All Writs Act 28 USCA § 1651(A)." *See* Pet. (Doc. No. 1). The Clerk of this Court docketed this filing as a 28 U.S.C. § 2254 petition.

A review of Petitioner's filing reflects that, in substance, it is neither a request for issuance of an extraordinary writ under 28 U.S.C. § 1651(a) (such as would initiate a new civil action) nor an application for a writ of habeas corpus. Instead, the Petition, construed liberally and most favorably to Petitioner, is principally a motion challenging

2

the dismissal of Petitioner's habeas petition in *Morgan II*, Case No. CIV-15-782-R. Petitioner's challenge is evident on page 2 of the Petition, where he states:

> This Court standing on AEDPA is violating my Fourteenth Amendment right to due process. . . . .
>
> We ask the Court for a motion for relief from the judgment. . . . A party's request that the court correct a clerical mistake in the judgment – relieve the party from the judgment because of such matters as (1) inadvert[e]nce, surprise, or excusable neglect, (2) newly discovered evidence that could not have been discovered through diligence in time for a motion for new trial, (3) the judgment's being the result of fraud, misrepresentation, or misconduct by the other party, or (4) the judgment's being void or having been satisfied or released.

Pet. at 2.

Although Petitioner does not cite Federal Rule of Civil Procedure 60(b), Petitioner's request for relief tracks almost exactly with that Rule's provisions. *Compare* Pet. at 2, *with* Fed. R. Civ. P. 60(b)(1)-(5). *See generally* Fed. R. Civ. P. 60(b) (prescribing that "the court may relieve a party" "from a final judgment, order, or proceeding" for the reasons specified in Rule 60(b)(1) through (b)(6)). Further, rather than asserting a new "federal basis for relief from [the] state court's judgment of conviction," *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005), the background set forth in the instant Petition merely echoes the grounds alleged for habeas relief in *Morgan I* and again in *Morgan II*. *See* Pet. at 1-2 (discussing ineffective assistance of counsel and police questioning without an attorney present); *Morgan I*, R. & R. (Doc. No. 8) at 2-4 (same); *Morgan II* R. & R. at 2 (same). *See generally Gonzalez*, 545 U.S. at 528-35 (distinguishing between a Rule 60(b) motion in a § 2254 action, attacking "some defect

3

in the integrity of the federal habeas proceedings," and a new "claim" for habeas relief equivalent to a second or successive habeas petition);[1] Fed. R. Civ. P. 81(a)(4).

Considered together with the Petition's explicit reference to AEDPA—i.e., the statutory scheme relevant to his § 2254 claims in *Morgan II*—Petitioner's request for "relief from the judgment" therefore is most reasonably viewed as a motion seeking relief from the dismissal of his federal habeas claims in *Morgan II*, Case No. CIV-15-782-R, based upon that Order and Judgment violating Petitioner's due process rights in some unspecified manner. *See* Pet. at 2; *Morgan II* Order, J. Because Petitioner's request for relief under Rule 60(b) "is considered ancillary to or a continuation of the original suit," this request should have been filed in Case No. CIV-15-782-R, rather than in the instant action. *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 78 (5th Cir. 1970). Petitioner may not collaterally attack that separate judgment in this action, No. CIV-15-1279-R. *See, e.g.*, *id.* ("The motion for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered." (citing Fed. R. Civ. P. 60(b) advisory committee's note (1946)); *Alpha Capital Anstalt v. Ness Energy Int'l, Inc.*, No. CIV-10-1218-D, 2012 WL 2120812, at *3 (W.D. Okla. June 11, 2012).

---

[1] To the extent Petitioner is attempting to raise a new § 2254 "claim" through the Petition, any such claim regarding his 2011 state-court conviction would be subject to dismissal as (among other grounds) untimely, just as Petitioner's § 2254 claims were disposed of in *Morgan I*, with no basis found by this Court or the Tenth Circuit for the application of statutory or equitable tolling. *See* Pet. at 1 (referencing "new evidence" but citing only Petitioner's childhood abuse as a defense); 28 U.S.C. § 2244(d)(1); *Morgan I*, Order at 1-2; *Morgan v. Addison*, 574 F. App'x at 852-53.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Petition (Doc. No. 1) be stricken and that this action be dismissed in its entirety, permitting Petitioner to properly file his Rule 60(b) motion in the relevant case, if he desires.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by December 16, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 25th day of November, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE