# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRIAN MORGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CIV-15-1279-R |
| | ) |
| CARL BEAR, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner filed a document entitled "Motion to be Heard Under the All Writs Act 28 U.S.C. § 1651(A)." Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Charles Goodwin for preliminary review. On November 25, 2015, Judge Goodwin issued a Report and Recommendation wherein he recommended that "the Petition (Doc. No. 1 be stricken and the action be dismissed in its entirety, permitting Petitioner to properly file his Rule 60(b) motion in the relevant case, if he desires." Doc. No. 5, p. 5. Petitioner was given until December 16, 2015 in which to object. No objection has been filed, however, on December 7, 2015, Petitioner filed a "Motion 18 U.S.C. § 3626(a)(3)(B) Prisoner Release Orders." (Doc. No. 6). The Court concludes as follows.

As noted by Judge Goodwin, Petitioner's intention in filing the originating document in this case is unclear. Petitioner relied upon the All Writs Act, as cited in the title of his motion, but the motion tracks the language of Rule 60 of the Federal Rules of Civil Procedure, making it appear he did not intend to file a new case, but rather intended to challenge the Court's entry of judgment in favor of the respondent in one of his two prior

actions filed pursuant to 28 U.S.C. § 2254. *See Morgan v. Addison,* Case No. CIV-14-337-R, and *Morgan v. Bear*, CIV-15-782-R. Judge Goodwin properly concluded that this action should be dismissed, and Petitioner, should he desire, may submit a Rule 60 motion in his prior cases. The instant motion, however, states no basis for granting a writ pursuant to 28 U.S.C. § 1651(A). Additionally, Petitioner's December 7, 2015 motion is without merit, as § 3626(a)(3)(B), which permits the Court under very limited circumstances to order release of a state prisoner, is not applicable herein. It applies only in civil actions challenging conditions of confinement and only when certain other conditions precedent have been met, which is not the case here.

For the reasons set forth above the Report and Recommendation is hereby ADOPTED and the petition is DISMISSED. Petitioner's Motion (Doc. No. 6) is hereby DENIED.

IT IS SO ORDERED this 17th day of December, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE